UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | ***Reynaldo G. Gutierrez v. City of Long Beach*** | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [8] AND DEFENDANT'S MOTION TO DISMISS [7]**

This matter is before the Court on *pro se* Plaintiff Reynaldo G. Gutierrez's Motion to Remand ("MTR") and Defendant City of Long Beach's Motion to Dismiss ("MTD"). [Doc. ## 7, 8]. Both motions have been fully briefed. For the reasons set forth below, the Court **DENIES** Plaintiff's MTR and **GRANTS in part** and **DENIES in part** Defendant's MTD.[1]

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff owns a commercial property located at 2380 Santa Fe Ave. Long Beach, California. Compl. at ¶ 6 [Doc. # 1].[2] In September 2017, Plaintiff's tenant notified Plaintiff that he had received several building-related citations for violating the Long Beach Municipal Code. *Id.* at ¶ 8. After receiving the citations, Plaintiff took efforts to remedy the violations and requested a walk-through inspection by a city inspector. *Id.* at ¶ 9. Plaintiff alleges that the inspector was unhelpful because he "showed up mad" and refused to give the responses that Plaintiff requested. *Id.*

On January 20, 2018, Plaintiff wrote a letter to the inspector requesting clarification of the citations' status. *Id.* at ¶ 11. Plaintiff attached photographs to the letter and stated that he was waiting on Defendant to issue him a permit to build a trash enclosure that would comply with the Municipal Code. *Id.* On February 13, 2018, Plaintiff received an email notifying him

---

[1] The parties disagree about whether either the MTR or MTD meet the requirements of Local Rule 7-3. Because the parties' failure to adhere to Rule 7-3 does not appear to have resulted in any prejudice to either side, however, the Court will consider the motions on their merits. Both sides are hereby notified that future failure to adhere to the Local Rules may result in the summary denial of their motion and/or the imposition of sanctions.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | ***Reynaldo G. Gutierrez v. City of Long Beach*** | Page | 2 of 7 |

that Defendant had placed an annual tax lien in the amount of $5,132.62 on his property. *Id*. at ¶ 12.

The Complaint indicates that Plaintiff may have also faced criminal consequences stemming from his code violations, but that the case against him was eventually dismissed. *Id*. at ¶ 14. After receiving a property tax bill that included the lien on October 11, 2019, Plaintiff made calls to the city inspector to inquire as to whether the dismissal of his case meant that he no longer had to pay the lien. *Id*. at ¶ 15. After speaking to the inspector and a City Councilperson, and sending letters to several city employees, Plaintiff filed the present suit on October 22, 2019. Compl. at ¶ 15–19. Defendant removed this action to this Court on November 20, 2019 and filed the instant MTD on November 26, 2019. [Doc. ## 1, 7.] Plaintiff filed his MTR on December 19, 2019. [Doc. # 8.]

**II.
PLAINTIFF'S MOTION TO REMAND**

**A.    Legal Standard**

Pursuant to 28 U.S.C. section 1441, an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Under 28 U.S.C. section 1331, district courts have original jurisdiction over any action that arises under the Constitution, laws, or treaties of the United States. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," under which federal court jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). Under 28 U.S.C. section 1367(a), in any civil action where the court has original jurisdiction, the court shall have supplemental jurisdiction over state law claims arising out of the same case or controversy.

**B.    Discussion**

Plaintiff's Complaint includes a claim for excessive fines under the Eighth Amendment, as discussed further below. Compl. at ¶¶ 28-31. Plaintiff acknowledges that he makes an Eighth Amendment claim, but argues that because the Eighth Amendment is incorporated to the states through the 14th Amendment, it does not raise a federal question. MTR at 7–8; Reply at 4 [Doc. # 15]. Plaintiff is correct that the Supreme Court recently clarified that the Eighth Amendment's excessive fines clause applies to state and local entities, as well as the federal government, *see Timbs v. Indiana*, 139 S. Ct. 682, 686–87 (2019), but *Timbs* does not stand for the proposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | *Reynaldo G. Gutierrez v. City of Long Beach* | Page | 3 of 7 |

that an Eighth Amendment claim becomes a question of state law when brought against a local government defendant. To the contrary, Plaintiff's Eighth Amendment claim raises a question of federal law over which this Court would have original jurisdiction.

Plaintiff is correct his other claims arise under state law. But the Court has supplemental jurisdiction over these claims because they arise out of the same case or controversy as his Eighth Amendment claim.

Because Plaintiff asserts a federal constitutional claim and state claims that arise out of the same case or controversy, the Court has jurisdiction over this action and **DENIES** Plaintiff's MTR.

### III.
### MOTION TO DISMISS

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id*. (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

A civil rights complaint filed *pro se* should be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, a complaint should not be dismissed because the plaintiff relies on an incorrect or imperfectly stated legal theory if the facts alleged support a valid legal theory. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11–12 (2014). Nonetheless, a court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | ***Reynaldo G. Gutierrez v. City of Long Beach*** | Page | 4 of 7 |

**B.     Discussion**

Plaintiff's Complaint includes three causes of action styled as claims for "gross negligence," "breach of duty," and "abuse of process." *See* Compl. The Complaint is not a model of clarity, but the Court must construe it liberally and afford Plaintiff the benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, after reviewing the Complaint, the Court concludes that Plaintiff's claims are more accurately characterized as (1) a claim of negligence against the City, (2) a claim of negligence against the inspector, (3) an Eighth Amendment excessive fines claim, and (4) a due process claim.

**1.     Negligence Claims**

Plaintiff's first and second claims are titled "gross negligence" and "breach of duty." Compl. at ¶¶ 21, 25. It appears that Plaintiff intends these allegations to support claims for negligence against the City and inspector, respectively. Defendant argues that Plaintiff's negligence claims do "not sufficiently plead the barebones requirements of a claim for negligence brought against a public entity." MTD at 5. The Court agrees.

As an initial matter, although Plaintiff appears to know the inspector's name, *see* Compl. at ¶ 26, he does not name him as a Defendant. Since the Court cannot adjudicate claims against non-parties, any attempt by Plaintiff to state a claim for relief against the inspector fails.

Additionally, the California Government Claims Act requires that plaintiffs bringing tort claims for money damages against local entities "present" the claim to the entity within a certain timeframe before filing a lawsuit. *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012) ("[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."). The California Supreme Court has determined that the Government Claims Act's presentment requirement operates as an "element" of the plaintiff's claim that defendants can challenge at the pleading stage. *See id.*; *State of California v. Superior Court*, 32 Cal. 4th 1234, 1238 (2004). Because Plaintiff's Complaint contains no facts demonstrating that he complied with the Government Claims Act's presentment requirement, *see* Cal. Gov't Code § 810 *et seq.*, his negligence claim against Defendant fails.[3] Defendant's MTD as to Plaintiff's negligence claims is **GRANTED**.

---

[3] Paragraphs 16 and 17 of the Complaint indicate that Plaintiff had some contact with the City of Long Beach before filing this action, but the allegations are not clear enough for the Court to draw an inference in Plaintiff's favor that his conduct satisfied the Government Claims Act's requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
| Title | *Reynaldo G. Gutierrez v. City of Long Beach* | Page | 5 of 7 |

### 2. Eighth Amendment Excessive Fines Claim

Plaintiff styles his third cause of action as a claim for "abuse of process," but the allegations supporting that claim make clear that he seeks relief under the Eighth Amendment. *See* Compl. at ¶¶ 28-31. Defendant argues that "Plaintiff fails to present a valid Eighth Amendment claim" for "cruel and unusual punishment" because he has not been convicted of anything. MTD at 6. But Plaintiff's Eighth Amendment claim appears to arise under the excessive fines clause, not the cruel and unusual punishment clause. *See* Compl. at ¶¶ 28-31. Defendant does not address this claim.

The excessive fines clause is enforceable against Defendant because, as discussed above, the clause applies to states and local entities through the 14th Amendment. *Timbs*, 139 S. Ct. at 687. An excessive fines claim has two elements: (1) that the statutory provision at issue is a fine or punishment; and (2) that the fine or punishment is excessive. *Wright v. Riveland*, 219 F.3d 905, 915 (9th Cir. 2000) (citing *Austin v. U.S.*, 509 U.S. 602, 622 (1993). Plaintiff alleges that the lien on his property is a penalty, and Defendant makes no argument to the contrary. Compl. at ¶ 30; *see also*, Long Beach Municipal Code § 9.65.

He further alleges that the fine was "harsh" and "cruel." Compl. at ¶ 29. The Court draws a reasonable inference in Plaintiff's favor—as it must at this stage—that these statements amount to a claim that the penalty was excessive. Because Defendant has not challenged these assertions, and because the question of whether a fine is excessive is generally a question of fact unfit for resolution at the pleading stage, *See United States ex rel. Kozak v. Chabad of California*, 697 F. App'x 509, 510 (9th Cir. 2017), the Court concludes that Plaintiff's Eighth Amendment allegations are sufficient to withstand Defendant's MTD. Defendant's MTD as to Plaintiff's Eighth Amendment claim is **DENIED**.

### 3. Due Process Claim

Plaintiff uses the words "due process" throughout the Complaint. *See, e.g.,* Compl. at ¶¶ 1, 22, 27. But even after construing the Complaint liberally and affording Plaintiff the benefit of the doubt, the Court is unable to distill his allegations into a coherent series of factual allegations that Defendant has violated the Constitution's due process clauses. Accordingly, to the extent that Plaintiff intended to bring a due process claim, he has not complied with Federal Rule of Civil Procedure 8's requirement that he include a "short and plain statement of the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
|---|---|---|---|
| Title | ***Reynaldo G. Gutierrez v. City of Long Beach*** | Page | 6 of 7 |

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant's MTD as to Plaintiff's due process claim is therefore **GRANTED**.[4]

### 4. Class Action Allegations

Plaintiff also alleges that he brings his claims "on behalf of himself and benefits of all others." Compl. at ¶ 5. Defendant argues that the Court should either dismiss or strike Plaintiff's class allegations. MTD at 6. Tellingly, however, Defendant supports its argument by referencing *Rule 23*, not Rule 12, and cites no authority suggesting that courts may adjudicate issues of class certification at the pleading stage.

The consensus within this circuit appears to be that, absent special circumstances, courts should not dismiss or strike class action allegations at the pleading stage, and should instead delay a review of the Rule 23 factors until the class certification stage. *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011); *In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007). The Court sees no reason to depart from the general rule in this case. Defendant argues that *pro se* plaintiffs may not represent classes, MTD at 7 (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320 (10th Cir. 2000); *Hagan v. Rogers*, 570 F.3d 146 (3rd Cir. 2009)), but Plaintiff does not—at this point—represent anyone other than himself. Should he move to certify a class without retaining class counsel, Defendant may raise what amounts to a Rule 23(a)(4) adequacy argument at that time. Defendant's request that the Court dismiss or strike Plaintiff's class allegations is **DENIED**.

### IV.
### CONCLUSION

For the foregoing reasons, Plaintiff's MTR is **DENIED**. Defendant's MTD is **DENIED** as to Plaintiff's Eighth Amendment claim and class action allegations. The MTD is **GRANTED** as to Plaintiff's negligence and due process claims. Because Plaintiff may be able to cure the defects in his negligence and due process claims identified above by alleging new or different

---

[4] Although Plaintiff is proceeding *pro se*, he is nonetheless required to follow both the Local Rules and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.10.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

Plaintiff may seek assistance from Public Counsel's Federal Pro Se Clinic. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. Plaintiff may call (213) 385-2977 x 270 or submit an online appointment application at: http://prose.cacd.uscourts.gov/los-angeles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-9941-DMG (Ex)** | Date | May 27, 2020 |
| Title | ***Reynaldo G. Gutierrez v. City of Long Beach*** | Page | 7 of 7 |

facts in an amended pleading, the Court **GRANTS** him leave to amend. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (courts should not deny leave to amend unless "the pleading could not possibly be cured by the allegation of other facts"). Plaintiff shall file a First Amended Complaint, or notify Defendant and the Court of his intention not to do so, by June 17, 2020. Defendant's response shall be due within 21 days after Plaintiff files and serves his First Amended Complaint.

**IT IS SO ORDERED**.