CHARLES PARKIN, City Attorney
KYLE R. BEVAN, Deputy City Attorney
State Bar No. 294877
411 W. Ocean Boulevard, 9th Floor
Long Beach, California 90802-4664
Telephone: (562) 570-2200
Facsimile: (562) 436-1579

Attorneys for Defendant
CITY OF LONG BEACH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO G. GUTIERREZ, on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH; Does 1-50, inclusive,<br><br>Defendants. | Case No: 2:19-cv-09941-DMG-E<br><br>(State Case No.: 19STCV37571)<br><br>Honorable Dolly M. Gee<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Complaint Filed: October 22, 2019<br>Trial Date: TBD |

**TO THE HONORABLE COURT**

COMES NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS:

On October 22, 2019, a civil action was filed in the Superior Court of California in and for the County of Los Angeles entitled REYNALDO G. GUTIERREZ, on behalf of himself and all other similarly situated, Plaintiffs, vs. CITY OF LONG BEACH, and DOES 1 through 10, inclusive, (Defendants, Case No. 19STCV37571) ("State Action").

Defendant, CITY OF LONG BEACH, a municipal corporation, is represented by Kyle R. Bevan, Deputy City Attorney for the City of Long Beach, located at 411 W. Ocean Boulevard, 9th Floor, California 90802.

The parties participated in the meeting required by Fed.R.Civ.P 26(f) on July 10, 2020.

1

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

The initial scheduling conference in this matter is scheduled for August 7, 2020, in the above-referenced Court.

The parties herewith submit a Joint Rule 26(f) Scheduling Conference Report in compliance with Fed.R.Civ.P. 26(f) and the Court's Scheduling Conference Order (Dkt. 23).

Pursuant to the Court's Order, the parties address the following matters:

**1.    Initial Disclosures, Preservation of Discoverable Information and Discovery Plan**

Defendants have made initial disclosures of 73 pages of documents, mostly from the City's Code Enforcement Department. Plaintiff will produce by snail mail all documents covered within the ambit of FRCP 26(a) by August 7, 2020.

**2.    Proposed Schedule of Law and Motion Matters and Proposed Dispositive Motion Cut-off Dates**

The parties jointly request the following dates:

Last day to file motions to amend pleadings or add parties: 11/06/20

Last day to file class certification motions: 09/11/20

    Oppositions due no later than: 09/25/20

    Reply briefs due no later than: 10/02/20

Non-expert discovery cut-off (incl. hearing motions):  02/03/21

Last day to file dispositive motions: 02/23/21

**3.    Statement of Efforts to Settle/Resolve the Case**

The parties have not yet engaged in any settlement efforts.

**4.    Estimated Length of Trial and Proposed FPTC Date**

The parties estimate trial can be completed with eight hours per side, excluding jury selection, opening statements, and closing arguments.

**5.    Parties Likely to be Added**

Plaintiff does not anticipate adding any parties.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

**6.     Trial by Jury or to the Court**

The parties request a trial by jury.

**7.     Other Issues Affecting the Status or Management of the Case**

None anticipated at this time.

**8.     Severance, Bifurcation or Ordering Proof**

The parties do not anticipate requesting bifurcation.

## ADDITIONAL INFORMATION ABOUT THIS CASE

**9.     Short Synopsis of the Principal Issues of the Case**

**Plaintiff's Statement of Principal Issues:**

Plaintiff owns a commercial property located at 2380 Santa Fe Ave., Long Beach, California. In September 2017, Plaintiff's tenant notified Plaintiff that he had received several building-related citations for violating the Long Beach Municipal Code. After receiving the citations, Plaintiff took efforts to remedy the violations and requested a walk-through with a city inspector, which was unhelpful. Plaintiff engaged in a letter writing campaign with the City regarding citations and permits. Plaintiff later learned the City placed a tax lien of $5,132.62 on his property. Plaintiff also faced criminal consequences stemming from his code violations, but the case against him was eventually dismissed.

Plaintiff brings forth an Eighth Amendment claim arising under the excessive fines clause. The lien on his property is a fine or punishment and it is excessive.

**Defendant's Statement of Principal Issues:**

City employees conducted an initial inspection of Plaintiff's commercial property on September 14, 2017 and found several Municipal Code violations. Specifically, Plaintiff's property had issues with: weeds, trash, debris, and dead vegetation; construction material, office chairs, concrete, and other materials; improperly stored trash cans; rusty gates; and unpermitted signs.

The City sent a warning notice to Cecilia and Jason Gutierrez in Palos Verdes Estates via regular and certified mail on September 18, 2017. On October 17, 2017, a City employee, Brent Albanese, met with the owner of the restaurant operating at Plaintiff's property, Rafel Alvarado. Rafel told Albanese that the property owner, Cecilia Gutierrez, gave Rafel the letter and directed him to correct the violations. Albanese and Rafel walked the property together and Albanese explained the violations that needed to be corrected. Rafel had the letter from the City in his hand. Rafel told Albanese that he would correct the violations before October 23, 2017. Albanese called Cecilia Gutierrez and left her a voicemail, but Rafel told Albanese that Gutierrez may not call back because she went to the Philippines.

The various Municipal Code violations went unaddressed. The City issued a first citation on October 23, 2017, a second citation on November 27, 2017, a third citation on January 4, 2018, a fourth citation on January 11, 2018, and a fifth citation on February 13, 2018. The City referred the matter to the City Prosecutor's Office on or about March 14, 2018. At some point, the City became aware that Plaintiff was the owner of the property. Albanese called Plaintiff Rey Gutierrez to schedule a time to meet at the property and discuss the violations. Albanese attempted to meet Plaintiff on April 3, 2018 between 1:30 p.m. and 2:30 p.m., but Plaintiff did not attend the meeting. The County subsequently recorded a tax lien.

**10.    Statement whether Pleadings are Likely to be Amended**

The pleadings are unlikely to be amended.

**11.    Statements as to Issues Which Any Party Believes May be Determined by Motion**

**Plaintiff:**

Plaintiff anticipates class certification may be determined by motion.

**Defendant:**

Defendant anticipates summary judgment may be granted by motion.

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

**12.     Alternative Dispute Resolution (ADR) Procedures**

The parties have obtained the consent of Richard Copeland of Conflict Solution Services to serve as a mediator on this case. Mr. Copeland appears on the Court's list of Panel Mediators (option #2).

**Attached is Exhibit A**, the Schedule of Pretrial and Trial Dates Worksheet as required by the Court.

///

DATED: July 13, 2020

                                          CHARLES PARKIN, City Attorney

                                          By:  */s/ Kyle R. Bevan*
                                                KYLE R. BEVAN
                                                Deputy City Attorney
                                        Attorneys for Defendant
                                        CITY OF LONG BEACH

DATED: July 13, 2020

                                          By:  */s/ Reynaldo G. Gutierrez*
                                                REYNALDO G. GUTIERREZ
                                                Pro Per

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

OFFICE OF THE CITY ATTORNEY<br>CHARLES PARKIN, City Attorney<br>411 West Ocean Boulevard, 9th Floor<br>Long Beach, CA 90802-4664

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and I am not a party to the within entitled action. My business address is 411 W. Ocean Boulevard, 9th Floor, Long Beach, California 90802.

On July 13, 2020, I served the within:

### JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT

on all interested parties in said action, by placing a true copy and/or original thereof enclosed in sealed envelopes address as follows:

Reynaldo G. Gutierrez, *Pro Se*
2330 Santa Fe Ave.
Long Beach, CA 90810
Telephone: (562) 400-0922
Email: *reycrown1946@yahoo.com*

☒ **BY MAIL**: I am "readily familiar" with the **firm's practice** of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL**: In addition to the above service by mail, hand delivery, or UPS, I caused said document(s) to be transmitted by scanning the document into a PDF or comparable electronic format and sent that document by email transmission.

Executed on July 13, 2020, at Long Beach, California.

☒ (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Monica Caro

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**